UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAFAEL SERRANO,                                :
                                                                   :
                                  Petitioner,          :
                                                                   :     03 CV 8639 (RMB) (RLE)
              - against -                                   :
                                                                   :     **ORDER**
JOHN W. BURGE,                                     :
                                                                   :
                                  Respondent.       :
------------------------------------------------------------x

**I.     Background**

On or about October 21, 2003, Rafael Serrano ("Petitioner" or "Serrano") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). On or about May 5, 2004, Serrano, through counsel, moved to hold the Petition in abeyance pending his return to state court to exhaust state remedies on certain claims. (Notice of Motion, filed May 5, 2004.)

On or about August 22, 2005, United States Magistrate Judge Ronald L. Ellis, to whom the matter had been referred, issued a Report and Recommendation ("Report"), recommending that the Court "GRANT a motion to hold the [Petition] in abeyance on the following conditions: [1] Serrano files any application for relief in state court no more than thirty days after this court's order holding the petition in abeyance; [and] [2] that should the state court deny relief, Serrano must file an amended petition within thirty days of the exhaustion of state remedies." (Report at 6, 8 ("Serrano did not procedurally default on his unexhausted claims because he presented a cause for his procedural default: ineffective assistance of appellate counsel"; "Serrano appropriately seeks to file a writ of error coram nobis to raise the claim in state court").) The Report also stated, "Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written

objections . . . . Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals." (Id. at 8-9.) To date, no objections have been filed.

For the reasons set forth below, the Court adopts the Report in its entirety.

**II.      Standard of Review**

A district court evaluating a magistrate's report may adopt those portions of the report to which neither party has objected and which are not clearly erroneous. Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court reviews de novo those portions of the report to which objections have been made. Thomas, 474 U.S. at 149. The Court may then accept, reject, or modify, in whole or in part, the magistrate's findings and recommendations. See DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); Walker v. Hood, 679 F. Supp. 372, 374 (S.D.N.Y. 1988).

**III.     Analysis**

Having conducted a review of the Report, applicable legal authorities, and the record herein, the Court concludes that the Report is not clearly erroneous and that Magistrate Judge Ellis' determinations are supported by the record and the law in all respects. See Zarvela v. Artuz, 254 F.3d 374, 381-82 (2d Cir. 2001); Pizzaro, 776 F. Supp. at 817.

## IV. Conclusion and Order

For the reasons stated therein and herein, the Court adopts the Report in its entirety. The motion to hold the Petition in abeyance [9] is granted; provided, however, that Serrano must file any application for relief in state court no more than thirty (30) days after the date of this Order, and he must file an amended petition for habeas corpus within thirty (30) days after exhausting his state court remedies.

The Clerk of the Court is respectfully requested to place this case on the suspense docket.

Dated: New York, New York
September 8, 2005

RICHARD M. BERMAN, U.S.D.J.

9/8/05