UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL SERRANO, | : |
| Petitioner, | : REPORT AND |
| | : RECOMMENDATION |
| - against - | : |
| | : 03 Civ. 8639 (RMB) (RLE) |
| JOHN W. BURGE, | : |
| Respondent. | : |

To the HONORABLE RICHARD M. BERMAN, U.S.D.J.:

## I. INTRODUCTION

Rafael Serrano ("Serrano") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 on October 31, 2003. The petition alleges that: (1) Serrano was denied a full and fair opportunity to challenge a search warrant because the state court failed to permit the introduction of certain evidence; (2) the trial court erred by the "introduction of [a] photograph as suggestive;" (3) the assistant district attorney committed prosecutorial misconduct by "attempt[ing] to introduce marijuana;" and (4) the trial court "erred when it refused to admit marijuana recovered from [Serrano's] bedroom." On February 24, 2004, Robert J. Boyle ("Boyle") filed a notice of appearance on behalf of Serrano. Boyle discovered that claims two through four had not yet been exhausted in the state court. Consequently, on May 5, 2004, Serrano filed a motion to hold the habeas corpus petition in abeyance pending his return to state court to exhaust state remedies on those claims.

For the reasons set forth below, I recommend that Serrano's motion be **GRANTED**.

## II. BACKGROUND

A search of the home of Serrano's mother produced certain photographs which the state

sought to introduce at trial.  **People v. Serrano**, 93 N.Y.2d 73, 75 (N.Y. 1999).  The warrant was issued pursuant to the affidavit of a confidential informant.  **Id**.  When Serrano moved to suppress the evidence, the court held an *ex parte in camera* hearing, and held that Serrano could not see the informant's affidavit, and that the affidavit established probable cause for the search.  **Id** at 76.

On June 30, 1994, Serrano was convicted of murder in the second degree, robbery in the first degree, burglary in the first degree, and criminal possession of a weapon in the second degree in the Supreme Court, New York County.  *See* Petition at 1.  He was sentenced to twenty-five years to life.  Motion to Hold the Instant Petition in Abeyance ("Mot.") at 2.  Serrano appealed to the Appellate Division, First Department, arguing that the trial court deprived him of his state and federal constitutional rights to due process and to be free from unreasonable searches by improperly excluding him from the suppression proceeding, and by upholding the probable cause determination of the court which had issued the search warrant.  Affirmation in Opposition to Petitioner's Motion ("Opp.") at 2.  On June 20, 1998, the Appellate Division unanimously affirmed Serrano's conviction, upholding the trial court's denial of his motion to controvert the search warrant.  Mot. at 2.

Serrano requested leave to appeal the Appellate Division's decision in letters dated February 19, 1998, and March 18, 1998.  Opp. at 2.  In the letters, he presented only the claim concerning the propriety of the search warrant.  **Id**.  His application for leave to appeal was granted on April 23, 1998.  **Id**.  In his brief to the Court of Appeals, Serrano argued that, without the minutes of the confidential informant's testimony before the magistrate who issued the warrant, the trial court could not properly determine whether the issuing magistrate:  (1) had a

2

sufficient basis for according reliability to the confidential informant and his information; (2) had complied with the constitutional oath-and-affirmation requirement for search warrants; and (3) had made a record of the confidential informant's testimony as required by statute. **Id**. at 2-3. On March 25, 1999, the Court of Appeals decided that the suppression court should have examined the transcript of the informant's testimony before the issuing judge to determine whether the search warrant had been issued upon probable cause, and whether there had been substantial compliance with New York's Criminal Procedure Law ("CPL") § 690.40(1). **Id**. at 2.

The case was remanded to the trial court. Mot. at 2. On remand, the trial court found that the requirements of CPL § 690.40(1) had been fully met, and that the search warrant had been issued upon probable cause. **Id**. at 3. Serrano appealed that decision to the Appellate Division. **Id**. On March 19, 2002, the Appellate Division unanimously affirmed Serrano's conviction. **Id**. Serrano applied to the New York Court of Appeals for leave to appeal the decision. **Id**. The request for leave to appeal was denied by the Court of Appeals on June 14, 2002. **Id**. at 4. Serrano did not file a petition for a writ of certiorari to the United States Supreme Court. **Id**.

On September 9, 2003, this Court received Serrano's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. **Id**. at 1. The petition alleges: (1) "[Serrano] was denied a full and fair opportunity to challenge the search warrant [because] the state court failed to permit the introduction of evidence that (i) the confidential informant was acting as an agent of law enforcement when he searched [Serrano's] bedroom; (ii) the confidential informant lied to the issuing Judge; (iii) the issuing Judge failed to conduct a proper inquiry and should have recused herself; (2) erroneous introduction of [a] photograph as suggestive;" (3) the assistant district attorney committed prosecutorial misconduct by "attempt[ing] to introduce marijuana;" and (4)

the trial court "erred when it refused to admit marijuana recovered from [Serrano's] bedroom." Petition at 5.

Serrano retained counsel to represent him in his habeas corpus petition in February 2004. Opp. at 4. On May 5, 2004, Serrano filed a motion to hold the petition in abeyance pending his return to state court to exhaust state remedies on claims two through four. In the motion, he concedes that these claims were never presented to state appellate courts. **Id**. He plans to return to state court to seek a writ of error coram nobis alleging ineffective assistance of appellate counsel. **Id**. If the state court denies relief, Serrano will seek to amend the habeas corpus petition. **Id**.

Defendant John W. Burge ("Burge") filed an opposition to the motion on May 13, 2004. Burge argues that claims two through four are procedurally forfeited, and that the claims would be time-barred in an amended habeas corpus petition. **Id**. at 5-8. Serrano filed a response to the opposition on May 17, 2004, arguing that the claims would be timely because they relate back to the initial habeas corpus petition. Reply Memorandum in Support of Motion to Hold Petition in Abeyance ("Reply Mem.") at 2.

### III. DISCUSSION

**A. Exhaustion**

All state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus. *See* 28 U.S.C.A. § 2254 (b)(1)(A); **Picard v. Connor**, 404 U.S. 270, 275 (1971); **Jones v. Vacco**, 126 F.3d 408, 413 (2d Cir. 1997). "The exhaustion doctrine is satisfied if the claim has been 'fairly presented' to the state courts." **Jones**, 126 F.3d at 413 (*citing* **Dorsey v. Kelly**, 112 F.3d 50, 52 (2d Cir. 1997)). "A claim has

been 'fairly presented' if the state courts are apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal court.'" **Id**. (*quoting* **Daye v. Attorney General of New York**, 696 F.2d 186, 190 (2d Cir. 1982)). To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims "to the highest court of the pertinent state." **Pesina v. Johnson**, 913 F.2d 53, 54 (2d Cir. 1990).

**B. Procedural Default**

The exception to the exhaustion requirement is when the petitioner no longer has remedies available in state court so that the claims are deemed exhausted. **Bossett v. Walker**, 41 F.3d 825, 828 (2d Cir. 1994). "[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." **Harris v. Reed**, 489 U.S. 255, 263 n.9 (1989). "In such a case there is a procedural default . . . ." **Coleman v. Thompson**, 501 U.S. 722, 735 n.1 (1991). Burge argues that Serrano procedurally defaulted on his claims two through four by not raising them when appealing to the Appellate Division and the New York Court of Appeals. *See* opp. at 5-6.

Although Serrano never raised his claims on appeal, a petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice attributable thereto or "demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." **Coleman**, 501 U.S. at 750 (citations and quotations omitted). "[T]he cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state courts." **McCleskey v. Zant**, 499 U.S. 467, 493 (1991) (*quoting* **Murray v. Carrier**, 477 U.S. 478, 488 (1986)). Examples of objective factors include: (1) interference by officials that makes compliance with state procedural rules

impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available to counsel; and (3) ineffective assistance of counsel. **Id**.

"[I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." **Edwards v. Carpenter**, 529 U.S. 446, 451 (2000) (emphasis in original). "*[T]hat* constitutional claim" must first be raised in state court before being used to establish cause for a procedural default. **Id**. at 451-52 (emphasis in original). Serrano appropriately seeks to file a writ of error coram nobis to raise the claim in state court. *See* **Smith v. Duncan**, 411 F.3d 340, 348, n.6 (2d Cir. 2005) ("In New York, coram nobis is the appropriate remedy for ineffective assistance of appellate counsel."). "There is no time limit for filing a writ of error coram nobis." **Id**. Serrano did not procedurally default on his unexhausted claims because he presented a cause for his procedural default: ineffective assistance of appellate counsel. *See* **McCleskey**, 499 U.S. at 493. Additionally, his newly added ineffective assistance of appellate counsel claim will be timely because it relates back to the initial habeas petition. *See* **United States v. Fama**, 235 F.3d 804, 815-16 (2d Cir. 2000). Thus, Serrano's motion to stay his habeas petition should be granted.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") set forth a one-year limitations period for filing habeas petitions. The AEDPA requires a state prisoner to file a habeas petition within one year after the state conviction becomes final. The limitations period does not run until after the ninety day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, even if such a petition is not actually filed. *See* 28 U.S.C. § 2244(d)(1)(A); **Valverde v. Stinson**, 224 F.3d 129, 132 (2d Cir. 2000). The period of direct review ended on September 12, 2002. Thus, the AEDPA statute of

limitations ended on September 12, 2003.  Consequently, Serrano cannot file a petition for writ of habeas corpus pursuant to his ineffective assistance of appellate counsel claim unless the claim relates back to the original habeas petition.

Rule 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(C).  Rule 15(c)'s relation back principle applies to petitions for habeas corpus. **Fama**, 235 F.3d at 815-16.  "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." **Mayle v. Felix**, 125 S.Ct. 2562, 2574 (2005).

Serrano's newly added claims belong to the same common core of operative facts as his original habeas petition.  Although the ineffective assistance of appellate counsel claim is based on a new theory of relief, it arises from the same facts as the original habeas petition.  Serrano alleges in his petition that "his constitutional rights were violated when the trial court admitted Noel Wo's photograph, when it refused to admit marijuana recovered from petitioner's bedroom and through prosecutorial misconduct."  Reply Mem. at 4.  Serrano's ineffective assistance of counsel claim is based on appellate counsel's failure to raise these issues on direct appeal.  **Id**. Thus, the original and amended petitions would be based on the same common core of operative facts, and Rule 15(c)'s relation back principles would apply.  Therefore, Serrano's ineffective assistance of appellate counsel claim will not be untimely pursuant to AEDPA's statute of limitations, and his motion to hold the instant petition in abeyance should be granted.

When a habeas petition contains both exhausted and unexhausted claims "a district court

should exercise discretion either to stay further proceedings on the remaining portion of the petition or to dismiss the petition in its entirety." **Zarvela v. Artuz**, 254 F.3d 374, 380 (2d Cir. 2001). A stay is usually preferable. **Id**. However, a stay, "unless appropriately conditioned, could permit a habeas petitioner to take an undue amount of time to pursue state court remedies." **Id**. Accordingly, when a district court elects to stay a petition, it "should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days," after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed. **Id**. at 381. Consequently, Serrano's motion to stay his habeas petition, which contains exhausted and unexhausted claims, should be granted according to the same conditions.

Accordingly, it is hereby recommended that the court **GRANT** a motion to hold the habeas petition in abeyance on the following conditions:

1) Serrano files any application for relief in state court no more than thirty days after this court's order holding the petition in abeyance;

2) that should the state court deny relief, Serrano must file an amended petition within thirty days of the exhaustion of state remedies.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard M. Berman, 40 Centre Street, Room 201, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections

both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: August 22, 2005**
New York, New York

                                          **Respectfully Submitted,**

                                          */s/ Ronald L. Ellis*
                                          **The Honorable Ronald L. Ellis**
                                          **United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Robert J. Boyle
350 Broadway Suite 308
New York, NY 10013

Rafael Serrano
#94-A-5119
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024

Luke Martland
Section Chief
Federal Habeas Corpus Section
State of New York
Office of the Attorney General
120 Broadway
New York, NY 10271