```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 11, 2008
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
RAFAEL SERRANO,

                      Petitioner,

    - against -

JOHN W. BURGE, Superintendent
Auburn Correctional Facility,

                      Respondent.
------------------------------------------------------------X

03 Civ. 8639 (RMB) (RLE)

**ORDER**

## I. Background

On or about October 31, 2003, Rafael Serrano ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against John W. Burge, Superintendent of Auburn Correctional Facility ("Respondent").[1] Petitioner challenges his April 28, 1994 conviction, following a jury trial in New York State Supreme Court, New York County, of one count of second degree murder in violation of New York Penal Law § 125.25(1); six counts of first degree robbery in violation of New York Penal Law §§ 160.15(2), 160.15(3), and 160.15(4); nine counts of first degree burglary in violation of New York Penal Law §§ 140.30(1), 140.30(3), and 140.30(4); and one count of second degree criminal possession of a weapon in violation of New York Penal Law § 265.03. (Amended Petition, dated July 31, 2006 ("Petition"), at 1.) Petitioner was sentenced on June 30, 1994 to twenty-five years to life of imprisonment. (Id.)

Petitioner appealed his conviction on the grounds that his pre-trial "motion to controvert the warrant authorizing the search of [Petitioner's] residence" ("Warrant") was improperly

---

[1] On February 24, 2004, attorney Robert J. Boyle filed a notice of appearance on Petitioner's behalf and currently represents Petitioner in these proceedings. (Notice of Appearance, dated Feb. 24, 2004.)

denied without a "complete hearing." (Id. at 2, 6.) On January 20, 1998, the Appellate Division, First Department, unanimously affirmed Petitioner's conviction, finding that the trial court "adequately protected [Petitioner's] interests at [an] in camera, ex parte proceeding[] to determine whether the [Warrant] was properly issued," and the trial court "properly ruled that there was no need to examine the confidential informant [("Confidential Informant")]."[2] People v. Serrano, 246 A.D.2d 430, 430 (1st Dep't 1998). On May 25, 1999, the New York Court of Appeals ordered that a reconstructed suppression hearing be held, finding that the trial court "failed to examine the [Confidential Informant's testimony]"; "fail[ed] to satisfy the first prong of the Aguilar-Spinelli test"; and "failed to determine that there had been substantial compliance with the requirements of [New York Criminal Procedural Law ("CPL") § 690.40(1)]." People v. Serrano, 93 N.Y.2d 73, 77–78 (1999) (citing Aguilar v. Texas, 378 U.S. 108, 111 (1946); Spinelli v. United States, 393 U.S. 410, 412 (1969)).

After holding the reconstructed suppression hearing on June 9, 1999, the court (Wetzel, J.) found that the Warrant was properly issued because "[t]he transcript of the [Confidential Informant's] testimony . . . demonstrate[d] that Justice Snyder had ample basis to favorably evaluate the [Confidential Informant's] credibility and reliability, thereby satisfying both prongs of the Aguilar-Spinelli test and [] the requirements of CPL § 690.40(1)." (Decision and Order, dated Nov. 10, 1999 ("November 10 Order"), at 4.) On March 19, 2002, the Appellate Division, First Department, unanimously affirmed the November 10 Order, finding, among other things, that "[t]he record supports . . . that [Justice Snyder] had a sufficient basis upon which to find the

---

[2] The court (Snyder, J.) issued the Warrant based upon the testimony of the Confidential Informant who claimed that he "was in [Petitioner's] apartment on January 4, 1993 [and] observed two shotguns and two pounds of marijuana in Petitioner's bedroom." (Pet. at 5.) Before trial, the court (Galligan, J.) "held an ex parte hearing at which the [Warrant] and [W]arrant application were submitted," and "found that there was probable cause for the search of Petitioner's apartment and denied suppression of the fruits of that search." (Id. at 7.)

[Confidential Informant] reliable." People v. Serrano, 292 A.D.2d 249, 250 (1st Dep't 2002). On June 24, 2002, the New York Court of Appeals denied leave to appeal. See People v. Serrano, 98 N.Y.2d 681, 681 (2002).

On October 10, 2005, Petitioner filed a petition for a writ of error coram nobis with the Appellate Division, First Department, (see Pet. at 4), and on March 23, 2006, that petition was denied; and on May 25, 2006, the New York Court of Appeals denied leave to appeal. See People v. Serrano, 6 N.Y.3d 897, 897 (2006).[3]

The Amended Petition contends, among other things, that: (1) Petitioner was denied a full and fair hearing because the court (Wetzel, J.) declined to consider Petitioner's claim that the Confidential Informant's search "was a warrantless search" because the Confidential Informant "was acting as an agent of the prosecution" (Petitioner's Memorandum of Law in Support of Petition, dated July 31, 2006 ("Pet'r Mem."), at 27–28); and (2) Petitioner "was denied effective assistance of appellate counsel when counsel failed to argue" to the New York Court of Appeals that the "prosecutor misled the court and defense counsel during her offer of proof on the admission of the marijuana recovered from [Petitioner's] apartment." (Id. at 32.)

On June 25, 2008, Judge Ellis issued a thorough Report and Recommendation ("Report") recommending that the Amended Petition be denied because: (1) Petitioner's "rights were safeguarded by the [New York State] courts" by virtue of the reconstructed suppression hearing and Petitioner's opportunity to move to "vacate [the] judgment" under CPL § 440.10(1)(g)–(h) and/or to suppress the fruits of the search under CPL § 710.40(1) (Report at 13–14); and (2) appellate counsel "was effective in choosing not to raise [the prosecutor's alleged misconduct] in

---

[3] On September 8, 2005, this Court adopted United States Magistrate Judge Ronald L. Ellis's Report and Recommendation, dated August 22, 2005, to hold the instant Petition in abeyance until Petitioner exhausted his claims in state court through the writ of error coram nobis. (Order, dated Sept. 8, 2005.)

3

favor of the strong argument that ultimately persuaded the Court of Appeals to remit for a reconstructed suppression hearing" (Id. at 16).

On July 3, 2008, Petitioner submitted timely objections to the Report ("Objections"). On July 8, 2008, Respondent opposed Petitioner's Objections ("Response").

**For the reasons set forth below, the Report is adopted in its entirety and the Petition is dismissed.**

## II. Standard of Review

The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

## III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of the Petition, Petitioner's Objections, Respondent's Response, the record, and applicable legal authorities, and finds that Judge Ellis's determinations and recommendations are supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's

Objections raise substantially the same arguments that Petitioner presented to Judge Ellis and do not provide a basis for departing from the Report's recommendations.[4]

**Fourth Amendment Claim**

Judge Ellis correctly determined that federal habeas review of Petitioner's claim is barred because "[t]he record does not show that [Petitioner] was prevented from utilizing an existing procedural remedy, only that he was unhappy with the result the court reached in refusing" to hear his claim that the Confidential Informant conducted an improper search. (Report at 13–14) (citing Stone v. Powell, 428 U.S. 465, 494 (1976)). "[R]eview of Fourth Amendment claims in habeas petitions would be undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

In this case, Petitioner "was given [] an opportunity [to] fully and fairly [] litigate his claim . . . in both the initial pre-trial suppression hearing" and the reconstructed suppression hearing ordered by the New York Court of Appeals. Edwards v. Phillips, No. 05 Civ. 0441, 2007 WL 1834828, at *4 (S.D.N.Y. June 26, 2007). And, Judge Ellis properly found that Petitioner "was not denied the opportunity to litigate his claim" through motions to vacate the judgment under CPL § 440.10(1)(g)–(h), and to suppress under CPL § 710.40(1). (Report at 13.) "There is no evidence that there was an 'unconscionable breakdown' in the process." Garcia-Lopez v. Fischer, No. 05 Civ. 10340, 2007 WL 1459253, at *11 (S.D.N.Y. May 17, 2007).

---

[4] As to any portions of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro 776 F. Supp. at 817. Any Objections not specifically discussed in this Order have been considered de novo and rejected.

**Effective Assistance of Counsel Claim**

Judge Ellis properly found that Petitioner has not made a showing that representation was ineffective because "[t]here is no support for [a claim alleging prosecutorial misconduct] in the record that would give rise to an obligation on the part of appellate counsel to raise it on appeal," and appellate counsel "was effective in choosing not to raise [this] claim[] in favor of the strong argument that ultimately persuaded the [New York] Court of Appeals to remit for a reconstructed suppression hearing." (Report at 15–16.) "Counsel cannot be faulted for failing to incorporate [the prosecutorial misconduct claim] into [Petitioner's] appellate brief" because "there is no factual or legal support for" that claim. Thomas v. West, No. 03 Civ. 1443, 2007 WL 541476, at *20 (S.D.N.Y. Feb. 22, 2007); see also Quail v. Farrell, 550 F. Supp. 2d 470, 476 (S.D.N.Y. 2008) ("[t]he failure to preserve a meritless claim cannot constitute ineffective assistance of counsel").

## IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing and a certificate of appealability is neither warranted nor appropriate. See Lozada v. United States, 107 F.3d 1011, 1014–17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259–60 (2d Cir. 1997). Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

## V.     Conclusion and Order

For the reasons set forth in the Report and herein, the Court adopts the Report in its entirety. The Petition is dismissed and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       September 11, 2008

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**